Eduart STERBYCI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 06–2145–ag (L), 06–4167–ag (con).

United States Court of Appeals, Second Circuit.

March 22, 2007.

---

* The Honorable William K. Sessions III, United States District Court Judge for the District of Vermont, sitting by designation.

1. We also deny Riggi's motion for appointment of counsel.

Russell R. Abrutyn, Marshal E. Hyman & Assoc., PC, Troy, Michigan, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Eleanor Darden Thompson, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Eduart Sterbyci, a native and citizen of Albania, seeks review of an April 6, 2006 order of the BIA affirming the December 17, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying petitioner's application for asylum, withholding of removal, and relief under

the Convention Against Torture ("CAT"). *In Re Eduart Sterbyci*, No. A97 831 730 (B.I.A. Apr. 6, 2006), *aff'g* No. A97 831 730 (Immig. Ct. N.Y. City Dec. 17, 2004). Sterbyci also seeks review of the August 14, 2006 decision of the BIA denying his motion to reopen. *In Re Eduart Sterbyci*, No. A97 831 730 (B.I.A. Aug. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### A. Asylum, Withholding of Removal, and CAT Relief

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

Because the IJ's past persecution finding involves the application of law to a particular set of facts, i.e., the definition of persecution, this Court reviews that finding *de novo. See, e.g., Edimo–Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir.2006). The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 216 (BIA 1985). This Court has clarified that a valid past persecution claim can be based on harm other than threats to life or free-

dom, including non-life-threatening violence and physical abuse. *Beskovic v. Gonzales*, 467 F.3d 223, 226 n. 3 (2d Cir. 2006) (citing *Tian–Yong Chen*, 359 F.3d at 128). The harm must be sufficiently severe, rising above "mere harassment." *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). In addition, the agency must consider the context in which the harm occurs in order to determine whether it constituted persecution, as opposed to mere harassment. *Beskovic*, 467 F.3d at 226.

In this case, Sterbyci testified that he was struck with the butt of a gun when he attempted to defend his sister-in-law, and he was required to receive several stitches and was hospitalized for two days. Because this was the only incident of mistreatment he alleged, the IJ did not err in finding that this treatment was not so severe to constitute past persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005). Although Sterbyci mentioned that he was beaten and tortured on one other occasion, he mentioned this incident only in passing and did not provide any information regarding the circumstances in which this occurred or the injuries he suffered. He does not rely on this alleged persecution in his brief to this Court, nor did he mention any other incidents in which he was physically assaulted or harmed in his asylum application. Lastly, the persecution suffered by his brother could not be considered persecution against Sterbyci. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 n. 2 (2d Cir.1999); *cf. Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir.2006) (remanding for a determination of whether a child who had seen the "bullet-ridden body" of his cousin and was aware of massacres occurring in his village suffered past persecution).

Even if the treatment Sterbyci alleged did constitute persecution, the IJ

also correctly determined that this incident did not occur on account of an enumerated ground. It was clear from Sterbyci's testimony that the officers went to his family's home in order to confront his brother;it did not appear that the police had any independent interest in Sterbyci. The IJ reasonably noted that it was only when Sterbyci attempted to interfere that he was injured. Accordingly, Sterbyci failed to demonstrate that "the persecutor's motive to persecute [arose] from [his]political belief." *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Thus, the agency did not err in concluding that Sterbyci failed to establish past persecution on account of a protected ground.

■ We do not agree with Sterbyci's assertion that the IJ erred in requiring additional corroboration and erred in failing to provide him with an opportunity to remedy the lack of corroboration. However, even if we accepted Sterbyci's argument, we would not need to remand because doing so would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006). As explained above, The IJ in this case reasonably determined that the facts as asserted failed to establish past persecution or a nexus to an enumerated ground. Accordingly, even if Sterbyci had provided additional corroboration of the events that occurred in Albania, that corroboration would not aid him in being able to meet his burden of establishing eligibility for asylum.

■ Nor do we agree with Sterbyci's argument that the IJ applied the wrong standard in evaluating his well-founded fear of persecution claim. In support of this argument, he points to the portion of a IJ's decision in which she found that he "failed to make a showing that he would be subjected to future persecution." Sterbyci does correctly assert that a well-founded fear of persecution does not require a showing of a likelihood of persecution; rather it requires only a "reasonable possibility" of persecution. *See* 8 C.F.R. § 208.13(b)(2)(i)(B). Despite any misstatement, there is no indication that the IJ actually applied the incorrect standard in this case. In the statement of law section of her decision, the IJ specifically stated that an applicant demonstrates a well-founded fear of persecution if he shows "a reasonable possibility of actually suffering persecution if he were forced to return to his country." Moreover, in the IJ's analysis of Sterbyci's claim, it does not appear that she required him to demonstrate that future persecution was more likely than not.

■ Under the correct standard of law, the IJ reasonably determined that Sterbyci failed to establish a well-founded fear of persecution on account of a protected ground. As the IJ noted, Sterbyci remained in Albania for several years before fleeing to the United States, and he did not describe any incidents of persecution during that time period. Although officials made several trips to Sterbyci's home, he did not provide any evidence, or describe in any detail, that he had ever been targeted or harmed during those visits. Based on this testimony, the IJ was reasonable in finding that he failed to demonstrate that he would be personally targeted upon return to Albania. Moreover, Sterbyci admitted that he was not politically active, and he did not demonstrate that he suffered persecution in Albania on account of an imputed political opinion. He also did not demonstrate that he would be personally targeted for persecution on account of his religion.

■ An alien may also prove a well-founded fear of persecution if he can establish that there is a pattern and practice of persecution against similarly situated

individuals in his native country. *See* 8 C.F.R. § 208.13(b)(2)(iii). Here, however, Sterbyci was not politically active in Albania, and he did not indicate that he intended to become politically active. Even if he did, however, this Court has found that the political situation in Albania has substantially changed. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 185 (2d Cir.2006). Thus, he did not demonstrate that he was part of a group that regularly faces persecution on account of their actual or imputed political opinions. In addition, the evidence in the record does not indicate that there is a pattern and practice of persecution in Albania against Catholics. As a result, the agency's determination that Sterbyci failed to establish a well-founded fear of persecution on account of a protected ground is supported by substantial evidence.

▮ Because Sterbyci was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief. *See, Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006).

### B. *Motion to Reopen*

This Court reviews the BIA's denial of a motion to re open for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005).

▮ Pursuant to the regulations, a motion to reopen must contain evidence that is material and was unavailable at the time of the prior proceeding. *See* 8 C.F.R. § 1003.2(c)(1). In this case, the BIA did not abuse its discretion in determining that Sterbyci's motion failed to present material evidence that could not have been presented at the prior hearing. At the hearing, Sterbyci admitted that all Of the evidence he later submitted with his motion was available. Accordingly, the BIA did not abuse its discretion in denying his motion on this ground.

▮ Sterbyci also argues that the BIA abused its discretion in denying the motion because it failed to consider that his attorney failed to provide him with information as to what corroborating evidence would be needed to support his claim. However, this is not a compelling explanation for the lack of documentation. In addition, the BIA did not abuse its discretion in finding that Sterbyci failed to present a sufficient claim for ineffective assistance of counsel. In *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), the BIA stated that aliens alleging ineffective assistance of counsel must include an affidavit setting forth the agreement with former counsel, proof that the alien notified former counsel of the allegations and allowed counsel an opportunity to respond, a statement as to whether the alien filed a complaint with any disciplinary authority or an explanation for why one was not filed. The BIA correctly stated that Sterbyci did not include any of these documents with his motion to reopen. Accordingly, the BIA did not abuse its discretion in denying Sterbyci's motion to reopen.

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these peti-

tions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).